IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAURIE HARVEY,**

       Plaintiff,

  vs.

**RECOVER-CARE SHAWNEE, LLC,
RECOVER-CARE SHAWNEE GARDENS,
LLC, and RECOVER-CARE
HEALTHCARE, LLC**

       Defendants.

Case No. 24-2284-TC-ADM

**MEMORANDUM AND ORDER
AND REPORT AND RECOMMENDATION**

Plaintiff Laurie Harvey ("Harvey") brings this action for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA/ADAA"), the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and Kansas common law. (ECF 1.) This matter now comes before the court on Harvey's motion for leave to file an amended complaint. (ECF 36.) By way of this motion, Harvey seeks leave to amend her complaint to substitute one defendant and to join two additional defendants that she claims are her employers. The motion is unopposed as to the substitution but opposed as futile with respect to joinder of the two new defendants. For the reasons discussed below, Harvey's motion is granted in part and denied in part.[1]

---

[1] If a magistrate judge denies a motion to amend and a claim or defense is not permitted to be asserted in a case, the ruling is considered dispositive and review may be sought pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008); *see also Sprint Commc'ns Co. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D. Kan. Feb. 14, 2014) (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan.

I.     BACKGROUND

On July 1, 2024, Harvey filed a complaint against Defendants Recover-Care Shawnee, LLC ("RCS"), Recover-Care Shawnee Gardens, LLC ("RCSG"), and Recover-Care Healthcare LLC ("RCH") (collectively, "Defendants") asserting claims under Title VII, the ADA/ADAA, the FMLA, and Kansas common law. (ECF 1.) The complaint alleges these defendants "each employed Plaintiff to perform work in Kansas, intentionally terminated Plaintiff in Kansas or subjected Plaintiff to unlawful discrimination and/or retaliation in Kansas." (ECF 1 ¶ 20.) The complaint explains the factual basis for naming each of these entities as a defendant: the employee handbook defined RCS as the "Company" that employed Harvey; RCS issued Harvey's W-2 for 2023; the position statement Defendants filed with the EEOC in response to Harvey's charge of discrimination claimed Harvey's employer was RCSG, not RCS; and the EEOC position statement claimed that the person who terminated Harvey's employment was RCH Regional Vice President Matt Harman. (*Id*. ¶¶ 30-38.)

Harvey now seeks leave to file an amended complaint to (1) substitute new defendant MRC SNF Management, LLC for the currently-named defendant RCSG because Defendants' answer admitted that the position statement erroneously named RCSG as Harvey's employer and because MRC SNF Management, LLC is the "real party in interest"; and (2) join new defendants MRCMM, LLC and Midwest Recover-Care, LLC because discovery revealed that they are Harvey's "single or joint employers" and therefore may be liable jointly and severally with RCS for Harvey's claims. (ECF 36.) Defendants do not oppose the proposed amendment to substitute MRC SNF

---

May 9, 2011) ("[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend *for reasons other than futility* is a nondispositive order) (emphasis added). Because the undersigned recommends denial, in part, of the motion to amend on the basis of futility, the magistrate judge issues a report and recommendation to the district judge.

Management, LLC for RCSG, so that portion of Harvey's motion is granted as unopposed.[2] Defendants oppose the proposed amendment to add MRCMM, LLC and Midwest Recover-Care, LLC as futile because Harvey has alleged no facts showing either company was her employer. (ECF 40.) Harvey did not file a reply.

## II.   LEGAL STANDARD

Once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotation marks omitted). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of any of the remaining *Foman* factors"). Whether to grant a motion

---

[2] Harvey contends that the allegations in her proposed amended complaint relate back to the filing of the original complaint (ECF 36, at 7-8), but the court need not decide that issue because Defendants do not oppose Harvey's request to substitute MRC SNF Management, LLC for RCSG.

to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

## III. ANALYSIS

Defendants urge the court to deny leave to amend to join new defendants MRCMM, LLC and Midwest Recover-Care, LLC on the grounds that the proposed amendment would be futile because it lacks any factual allegations to support Harvey's contention that she was employed by MRCMM, LLC and Midwest Recover-Care, LLC. A court may deny a motion to amend as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise fail[s] to state a claim." *Schepp v. Fremont Cty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990). When analyzing a motion to dismiss, a court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "[D]isputes over material issues of fact cannot be resolved on a motion to dismiss . . . but must be reserved for resolution at trial by the appropriate trier." 5 ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1277 (3d ed. 2019).

Harvey argues that her motion to join Midwest Recover-Care, LLC and MRCMM, LLC should be granted under Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 20(a)(2) because they were Harvey's "single or joint employers and therefore may be liable jointly and severally" with RCS for Harvey's claims. (ECF 36 ¶ 22, at 5; *see also id*. ¶¶ 23, 24, 30, at 5-7.) Harvey's motion directs the court to RCS's Answer to Plaintiff's Interrogatory No. 22 to suggest that Midwest Recover-Care, LLC and MRCMM, LLC meet the joint employer test and/or single employer test. That interrogatory answer states that "Recover-Care Healthcare, LLC holds a 37.5% ownership interest in a joint venture of MRCMM, LLC and Midwest Recover-Care LLC, and that joint venture owns

4

RCS (MRCMM, LLC as 0.1% owner and Midwest Recover-Care LLC as 99.9% owner)." (ECF 36 ¶ 21, at 5; *id.* ¶ 30, at 7; ECF 36-5, at 10, Interrog. No. 22.)  And the proposed amended complaint alleges only that MRCMM, LLC and Midwest Recover-Care LLC each (1) are "a Delaware limited liability company that owns Defendant RCS"; (2) "employs more than fifteen (15) persons and, at all relevant times herein, was an 'employer' within the meaning of Title VII and ADA/ADAA"; and (3) "was Plaintiff's employer, within the meaning of Title VII and ADA/ADAA." (ECF 36-1 ¶¶ 9-10, 14-15, 19.)  "[T]hese kinds of general and formulaic allegation are insufficient to plausibly show" that these two defendants were in fact a joint employer or single employer for purposes of Title VII and ADA/ADAA liability.  *See Casasola v. Control Sys., Int'l, Inc*, No. 22-2505-JWB, 2023 WL 5625309 at *3 (D. Kan. Aug. 31, 2023).

Under the "joint employer test," two entities are considered joint employers if they "share or co-determine those matters governing the essential terms and conditions of employment" or if they both "exercise significant control over the same employees." *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (citing *Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc)).  "Most important to control over the terms and conditions of an employment relationship is the right to terminate it under certain circumstances . . . ." *Id*. (quoting *Bristol*, 312 F.3d at 1219).  Additional factors courts consider for determining control under the joint employer test include the ability to "promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; . . . day-to-day supervision of employees, including employee discipline; and . . . control of employee records, including payroll, insurance, taxes and the like." *Id*. (quotations omitted).  Harvey's proposed amended complaint does not allege facts to support that MRCMM, LLC and Midwest Recover-Care LLC exercise significant control over RCS's employees, or that either of

those entities had authority to terminate Harvey's employment, or that they had shared control over her compensation and personnel file, supervision, or discipline.

The "single employer test" asks whether "two nominally separate entities should in fact be treated as an integrated enterprise." *Bristol*, 312 F.3d at 1218. Courts applying the single-employer test generally weigh four factors: "(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." *Id*. at 1220. Courts generally consider the third factor—centralized control of labor relations—to be the most important. *Id.* (citing *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999) ("[C]ourts have focused almost exclusively on one question: which entity made the final decisions regarding employment matters relating to the person claiming discrimination?")). But, again, the proposed amended complaint does not contain any factual allegations to suggest that MRCMM, LLC or Midwest Recover-Care LLC controlled labor relations with RCS employees or made the final decision to terminate Harvey's employment.

Even assuming the truth of all well-pleaded facts in the proposed amended complaint and drawing all reasonable inferences therefrom in the light most favorable to Harvey, the court cannot conclude that MRCMM, LLC and Midwest Recover-Care, LLC are single or joint employers who may be jointly and severally liable for the alleged unlawful discriminatory and retaliatory conduct. The allegations in the proposed amended complaint are simply insufficient to state a valid claim for relief against those entities under Title VII and the ADA/ADAA. Accordingly, the court recommends that the court deny Harvey's proposed amendment to the extent that it seeks to add MRCMM, LLC and Midwest Recover-Care, LLC as defendants.

Because the court finds that this portion of Harvey's motion to amend should be denied as futile, the court does not reach the question of whether joinder under Fed. R. Civ. P. 20(a)(2) is appropriate.

## IV. CONCLUSION

Harvey's motion to amend her complaint to substitute new defendant MRC SNF Management, LLC for the currently named defendant RCSG is granted as unopposed. The court recommends that the district judge deny the remainder of Harvey's motion as futile.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), any party may file written objections to this report and recommendation within fourteen days after being served with a copy. If any party does not file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Harvey's Motion for Leave to Amend Complaint (ECF 36) is granted in part insofar as Harvey is allowed to substitute new defendant MRC SNF Management, LLC for the currently named defendant RCSG. Harvey must file her amended complaint, revised in accordance with this order, as a separate docket entry by **February 7, 2025**.

**IT IS FURTHER RECOMMENDED** that Harvey's Motion for Leave to Amend Complaint (ECF 36) be denied to the extent that it seeks to add MRCMM, LLC and Midwest Recover-Care, LLC as defendants.

**IT IS SO ORDERED.**

Dated February 3, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge